**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JESSE NOAL KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-01294-JMB |
| | ) |
| JEFFERSON COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jesse Noal Killian for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claim against the Jefferson County Jail, as well as the official capacity claim against defendant Unknown Adams. However, the Court will direct the Clerk of Court to issue process on defendant Adams in his individual capacity as to plaintiff's claim of excessive force.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a copy of his inmate account statement as required by 28 U.S.C. § 1915(a)(2), asserting that he has requested his statement multiple times, but has been refused. (Docket No. 5). Despite the lack of an account statement, the Court has reviewed the financial information contained in the motion for leave to proceed in forma pauperis, and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

2

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the Jefferson County Jail and Officer Unknown Adams as defendants. (Docket No. 1 at 2-3). Officer Adams is sued in both his official and individual

3

capacities. (Docket No. 1 at 2). The complaint concerns an alleged assault against plaintiff by Officer Adams.

In his "Statement of Claim," plaintiff asserts that during "the last week of October, 2018, [he] was in a suicide camera cell" in the booking area of the Jefferson County Jail. (Docket No. 1 at 3). He states that he attempted to commit suicide by "trying to swallow a foreign object of metal." Officer Adams intervened by grabbing plaintiff and elbowing him in the mouth, busting his lip, and cutting the inside of his lip. Then, Officer Adams took plaintiff "out of that cell" and "elbowed [him] again," cutting "another spot of the inside of [his] lip with another tooth."

Plaintiff states that "they never gave [him] medical treatment," but "only took pictures of [his] mouth." (Docket No. 1 at 4). He does not, however, attribute the lack of medical treatment to Officer Adams. When plaintiff saw a nurse two weeks later, the nurse purportedly told him that he should have gotten stitches, but that "the wounds were already almost healed."

Based on these facts, plaintiff asserts that he was "assaulted by Corrections Officer Adams" both inside and outside the suicide cell. (Docket No. 1 at 6). He seeks $3,000,000 in damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of excessive force. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claim against the Jefferson County Jail, as well as the official capacity claim against Officer Adams. However, the Court will direct the Clerk of Court to issue process on Officer Adams in his individual capacity as to plaintiff's claim of excessive force.

A. **Treatment of Plaintiff as a Pretrial Detainee**

In the section of the form complaint for indicating his prisoner status, plaintiff has checked the box showing that he is a convicted and sentenced state prisoner. (Docket No. 1 at 2). He further asserts that he is currently incarcerated at the ERDCC, a state prison. As a convicted prisoner, plaintiff's claims would fall under the Eighth Amendment's prohibition on cruel and unusual punishment.

The Court notes, however, that at the time of the events in the complaint, plaintiff was an inmate at the Jefferson County Jail. Review of his state criminal case shows that plaintiff did not plead guilty until April 15, 2019, and was not sentenced until April 26, 2019.[1] This means that as of the last week of October 2018, when he says the alleged assault occurred, he was still a pretrial detainee. Therefore, the Court will analyze plaintiff's claims under the Fourteenth Amendment. *See Christian v. Wagner*, 623 F.3d 608, 613 (8th Cir. 2010) ("The Eighth Amendment does not apply to pretrial detainees, but the Due Process Clause of the Fourteenth Amendment imposes analogous duties on jailers to care for detainees").

B. **Claim Against Jefferson County Jail**

Plaintiff has named the Jefferson County Jail as a defendant in this action. A jail, however, is a department or subdivision of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir.

---

[1] *See State of Missouri v. Killian*, No. 18JE-CR01920-01 (23rd Jud. Cir., Jefferson County). The Court reviewed this case on Case.net, Missouri's online case management system, and takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

5

2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Since the Jefferson County Jail is not suable, the claim against it must be dismissed.

### C. Official Capacity Claim Against Officer Adams

Plaintiff has sued Officer Adams in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Officer Adams is alleged to be employed by the Jefferson County Jail. As such, the official capacity claim against him is treated as being made against Jefferson County itself, his employer.

A local governing body such as Jefferson County may be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot

be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Jefferson County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

7

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

In this case, plaintiff has not provided facts sufficient to support the proposition that Jefferson County has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees.

First, plaintiff has not demonstrated that Jefferson County has an unconstitutional policy. He has not alleged any facts showing that "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [Jefferson County] governing body" is at issue in this case. Plaintiff also has not shown that he was harmed by "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Rather than demonstrating that his constitutional rights were violated by a deliberate choice of a policymaking official, plaintiff's facts describe the actions of an individual correctional officer during a single occurrence of excessive force. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, plaintiff has not presented facts establishing the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" Jefferson County employees, much less that Jefferson County policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Instead of showing a "persistent pattern," plaintiff has described only a single instance of alleged excessive force. The Court cannot infer the existence of a custom from just one occurrence.

Third, plaintiff has not adequately alleged that Jefferson County was deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, plaintiff must present facts demonstrating that Jefferson County "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." This is generally done by

9

asserting a "pattern of similar constitutional violations by untrained employees." As discussed above, however, plaintiff has not presented a pattern, but only describes one instance of purported excessive force. One occurrence does not constitute a pattern.

Finally, to the extent that plaintiff seeks to hold Jefferson County liable for the actions of Officer Adams, one of its employees, the Court notes that respondeat superior is not available in a 42 U.S.C. § 1983 case. *See A.H.*, 891 F.3d at 728 ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory").

For all these reasons, plaintiff has not stated a municipal liability claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Because municipal liability is required to support plaintiff's official capacity claim against Officer Adams, the official capacity claim must be dismissed.

**D. Individual Capacity Claim Against Officer Adams**

Plaintiff has also sued Officer Adams in an individual capacity, accusing Adams of assaulting him both inside and outside the suicide cell of the Jefferson County Jail. As noted above, for purposes of this review, the Court is treating plaintiff as a pretrial detainee.

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). To that end, the Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell*, 441 U.S. at 535 (stating that "under the Due Process Clause,

a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not").

Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

In this case, plaintiff states that he was in a suicide cell, and actually attempting to commit suicide, when Officer Adams elbowed him in the face, injuring his lip. From his allegations, it is not entirely clear whether Officer Adams was trying to stop plaintiff from swallowing "a foreign object made of metal," or was acting to punish plaintiff for making such an attempt. For his part, plaintiff categorizes the elbowing as an assault. In any event, he further alleges that Officer Adams removed him from the suicide cell, whereupon Adams again elbowed him in the face, cutting the inside of his lip.

The Court notes that the Fourteenth Amendment prevents plaintiff from being punished in any way. The Court also notes that it must accept allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). In addition, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully

11

pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Therefore, the Court will direct the Clerk of Court to issue process on Officer Adams in his individual capacity as to plaintiff's claim of excessive force.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's claim against the Jefferson County Jail is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claim against defendant Unknown Adams is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Unknown Adams in his individual capacity as to plaintiff's claim of excessive force.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 24th day of January, 2022.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE