UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE NOAL KILLIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21 CV 1294 JMB |
| | ) |
| CORRECTIONAL OFFICER ADAMS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jerry S. Adam's[1] Motion for Summary Judgment filed on September 29, 2022 (Doc. 24). Plaintiff Jesse Noal Killian has not filed a response. For the reasons set forth below, the Motion is **GRANTED**.

### Background

The following facts are undisputed:

During the relevant time period, Plaintiff was a pretrial detainee at the Jefferson County Detention Center (Defendant's Statement of Uncontroverted Material Facts (DF), Doc. 25, ¶ 1). Plaintiff had attempted to harm himself on a number of occasions by swallowing objects and had just returned to the jail on October 28, 2018 following such an attempt (DF ¶¶ 2, 3). On that date, Plaintiff found a metal bracelet in his cell, displayed it to a camera, and then put the object in his mouth (DF ¶ 6). Defendant, who was on duty in the booking area and knew of Plaintiff's tendency to self-harm, went to Plaintiff's cell along with another corrections officer (DF. ¶ 7). When they entered the cell, and unbeknownst to Defendant, Plaintiff removed the bracelet from his mouth and gave it to the other corrections officer (DF ¶¶ 8, 10). At the same time, Defendant raised his

---

[1] The Clerk of Court is **DIRECTED** to modify the docket sheet to reflect Defendant's full and actual name.

arm to prevent Plaintiff from swallowing the bracelet and struck Plaintiff on the mouth (DF ¶¶ 9, 11). Plaintiff struggled with Defendant and was pulled out of his cell; during the struggle, Defendant again struck Plaintiff about the mouth with his forearm (DF. ¶ 15). Plaintiff was then handcuffed and placed in a restraint chair (DF. ¶¶ 17-18). He sustained a laceration inside his lower lip and some swelling because of the incident.

Plaintiff's complaint alleges that he was assaulted by Defendant, which the Court has construed as a claim of excessive force in contravention of the Fourteenth Amendment to the United States Constitution (Docs. 1, 7).

## Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248. The Court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate

inferences in favor of the non-movant. Id. at 255. As indicated above, Plaintiff has not responded to the motion within the time allowed by Local Rule 4.1(F). Pursuant to Local Rule 4.1(E), "[a]ll matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment."

**Discussion**

As a pretrial detainee, Plaintiff is "subject to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). To that end, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force amounting to punishment. Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). See also Bell, 441 U.S. at 535 (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and Smith v. Conway Cty., Ark., 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not").

The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in that the Due Process Clause prohibits the detainee from being punished. Id. Therefore, a determination of whether Defendant's actions constitute excessive force focuses on whether the use of force was objectively reasonable based on the facts and circumstances of the case and from the perspective and with the knowledge of the Defendant. Kinglsey, 576 U.S. 396-399. Factors to be considered include, but are not limited to: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem

at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at 397.

On the undisputed record before the Court, which is based almost entirely on Plaintiff's deposition testimony, Defendant's actions were objectively reasonable and he is therefore entitled to qualified immunity. The evidence reveals that Plaintiff was known to attempt self-harm by swallowing objects and had just returned from the hospital because he had swallowed a foreign object. On the day of the incident, he made another attempt by swallowing a bracelet. When Defendant arrived at Plaintiff's cell, he was unaware that Plaintiff had taken the bracelet out of his mouth and given it to the other correctional officer and he struck Plaintiff with his forearm in an attempt to prevent him from swallowing the object. The force appeared necessary to prevent Plaintiff from inflicting grievous injury to himself and does not appear to be gratuitous or excessive. Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015) (stating that "liability for *negligently* inflicted harms is categorically beneath the threshold of constitutional due process." (quotation omitted; emphasis in original)). Thereafter, Plaintiff admittedly was intentionally struggling[2] with the officers, as they were trying to restrain him and prevent him from further self-harm, when he was struck again by Defendant's forearm. Again, the amount of force was tempered and used to subdue an inmate who was actively "struggling" and being "uncooperative" (Doc. 25-1, pp. 11-12). Plaintiff did not suffer any serious injury as a result of Defendant's actions. No reasonable jury would find that Defendant acted unreasonably based on the circumstances. Accordingly, because Plaintiff cannot demonstrate that Defendant's actions were unconstitutional, he is entitled to qualified immunity. Kelsay v. Ernst, 933 F.3d 975, 979 (8th Cir. 2019) ("Qualified immunity shields a government official from suit under § 1983 if his conduct does not violate

---

[2] In his deposition, Plaintiff stated that he was "wigging out after the first time that he hit me" and that he "just lost it" as the officers were taking him out of his cell (Doc. 25-1, p. 4).

clearly established statutory or constitutional rights of which a reasonable person would have known." (citations omitted)).

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 23) is **GRANTED**.  The Clerk of Court shall enter judgment accordingly and close this case.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of November, 2022